UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAN TRAN                                    CIVIL ACTION NO. 6:11-cv-0770

VS.                                         SECTION P

WARDEN TERRY TERRELL                        JUDGE HAIK

                                            MAGISTRATE JUDGE HILL

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Lan Tran on May 19, 2011. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections, incarcerated at the Allen Correctional Institute in Kinder, Louisiana. Petitioner challenges his August 19, 2003 conviction for manslaughter, entered in the 15th Judicial District Court for Vermilion Parish, for which he is serving a 40 year sentence.

## LAW AND ANALYSIS

This court's records demonstrate that petitioner filed a previous federal petition for writ of *habeas corpus* in which he attacked this same conviction. *Lan Tran v. Burl Cain, Warden*, No. 6:06-cv-0182, 2006 WL 1627812 (W.D. La. 2006).

That petition was denied and dismissed with prejudice on June 12, 2006. In that petition, petitioner raised the following claims: (1) ineffective assistance of counsel because counsel failed to introduce any mitigating evidence at sentencing; (2) that his sentence was unconstitutionally excessive; and (3) that his plea was not knowingly and intelligently made because petitioner did not know that he was pleading guilty and agreeing to a sentence of

forty years. Petitioner's second claim for relief was found to have been procedurally defaulted and his remaining claims were reviewed and denied on the merits.

On June 21, 2007, the United States Court of Appeals for the Fifth Circuit denied petitioner's request for a certificate of appealability. *Lan Tran v. Burl Cain, Warden*, No. 06-30691 (5th Cir. 2007) (unpublished).

Thereafter, in November 2009, petitioner filed a Motion to Quash his sentencing, apparently arguing that he had never been properly sentenced. The state trial court denied the Motion, citing page 9 of the court's "transcript", finding that sentence had been imposed.

Petitioner's request for review was denied by the Louisiana Third Circuit Court of Appeal on April 26, 2010, the court finding no error in the trial court's ruling. *State v. Tran*, No. KH 09-01431 (La. App. 3rd Cir. 2010) (unpublished).

The Louisiana Supreme Court denied review on May 6, 2011, expressly finding that the pleading had been untimely filed, citing Louisiana Code of Criminal Procedure article 930.8 (which provides a 2-year period of limitations for seeking post-conviction relief) and *State ex rel. Glover v. State*, 660 So.2d 1189, 93-2330 (La. 1995), as the basis for its decision. In Glover, the Louisiana Supreme Court held that  Louisiana appellate courts are not precluded from denying relief on the basis of the time limitation for post-conviction applications when the lower courts addressed the merits of the untimely filed application. The Louisiana Supreme Court further found that petitioner's pleading contained claims which could not be reviewed in post-conviction proceedings, citing Louisiana Code of

2

Criminal Procedure article 930.3 (which cites the exclusive grounds for post-conviction relief) and *State ex rel. Melinie v. State*, 93-1380 (La. 1/12/96), 665 So.2d 1172, *reconsideration denied*, 667 So.2d 1043 (La.1996) as the basis for its decision.  In *Melinie*, the Louisiana Supreme Court held that a prisoner may not raise claims of excessiveness or other sentencing errors in post conviction proceedings because such claims must be brought on direct appeal.   *State ex rel Tran v. State*, No. 2010-KH 1078, 62 So.3d 122 (La. 2011). Reconsideration  was denied by the Louisiana Supreme Court on June 24, 2011.  *State ex rel Tran v. State*, No. 2010-KH 1078, - -  So.3d - -, 2011 WL 2713458  (La. 2011).

On May 19, 2011, petitioner filed the instant federal petition in which Tran asserts that he was never sentenced by the trial court.

This is Tran's second federal *habeas corpus* petition filed in this court. Petitioner attacks the same conviction that was the subject of his previous petition.  AEDPA does not define what constitutes a "second or successive" petition. However, decisions of the United States Fifth Circuit Court of Appeals provide guidance in determining when a  § 2254 petition should be considered second or successive for purposes of § 2244.

A prisoner's petition is not second or successive simply because it follows an earlier federal petition. *In Re Cain*, 137 F.3d 234, 235 (5th Cir.1998). Rather, a later petition is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.*  Thus, the provision has been described as "modified *res judicata* rule" which

bars claims which were ripe for disposition at the time the original petition was filed, but which were inexcusably not raised in that earlier petition. *United States v. Orozco-Ramirez*, 211 F.3d 862, 868-871 (5th Cir.2000). Such claims are deemed second or successive. *Id.*

The Fifth Circuit has also found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

Clearly, under either standard, the instant petition is "second or successive." The sentencing claim raised herein could have been raised in the previous petition. Moreover, petitioner's first federal *habeas corpus* petition, Civil Action No. 6:06-0182, was adjudicated on the merits, and was denied and dismissed with prejudice.[1] Hence, Tran's second petition is unquestionably second and successive.

_____

[1]Dismissal of a claim based on the procedural default doctrine constitutes an adjudication on the merits. *See Bates v. Whitley*, 19 F.3d 1066, 1067 (5th Cir. 1994) ("A federal *habeas* court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show cause and prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive.") *Henderson v. Lampert*, 396 F.3d 1049 (9th Cir. 2005) *quoting Howard v. Lewis*, 905 F.2d 1318, 1323 (9th Cir. 1990) ("the dismissal of a federal *habeas* petition on the ground of state procedural default is a determination 'on the merits' for the purposes of the successive petition doctrine."); *Harvey v. Horan*, 278 F.3d 370, 380 (4th Cir. 2002) (the district court's dismissal of petitioner's original *habeas* petition for procedural default was a dismissal on the merits; therefore his current petition is a successive petition for a writ of *habeas corpus*.); *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000) (Since his initial § 2254 application was dismissed for un-excused procedural default the dismissal was "on the merits," and therefore petitioner's current application is a "second or successive *habeas corpus* application" under § 2254(b)); *see also In re Bagwell*, 401 F.3d 312 (5th Cir. 2005).

Before this petition may be considered by this court, petitioner is required to obtain authorization to file this second or successive § 2254 petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The record does not show that petitioner has received such authorization. Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir.2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

In *In Re Epps*, 127 F.3d 364 (5th Cir. 1997), the Fifth Circuit adopted a specific procedure to be employed when a successive petition is transferred from a district court. *Epps* implies that the transfer of successive *habeas corpus* petitions to the Fifth Circuit for consideration under § 2244 is proper. Moreover, transfer of this case appears appropriate and authorized under 28 U.S.C. § 1631.[2]

While it appears that the instant claim is procedurally barred because the Louisiana Supreme Court clearly and expressly denied review on state procedural grounds, namely articles 930.8 and 930.3, without reaching the merits of the claim, the undersigned nevertheless finds that this petition should be transferred to the Fifth Circuit for consideration

---

[2]  Title 28 U.S.C. §1631 provides:
Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred. . . .

5

under § 2244.[3]

**IT IS THEREFORE RECOMMENDED** that the instant second and successive petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 by Lan Tran be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit for determination as to whether authorization to file a second or successive petition should be granted in accordance with 28 U.S.C. § 2244(b)(3)(A).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

---

[3]Moreover, it appears that the instant petition may be barred by the statute of limitations codified at 28 U.S.C. § 2244 as it appears that well over one year elapsed without any properly filed or pending state post-conviction proceedings prior to the filing of petitioner's November, 2009 Motion to Quash sentencing.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* 28 U.S.C. §  2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

**THUS DONE AND SIGNED** in chambers, in Lafayette, Louisiana, this the 18th  day of July, 2011.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE